A. O. Terry et al., Respondents, v. Robert C. Greer, Appellant.

St. Louis Court of Appeals, December 19, 1893.

1. Contracts: INDEPENDENT AGREEMENTS. *Held, arguendo,* that two promises are not necessarily dependent because concurrent.

2. **New Trial**: NEWLY DISCOVERED EVIDENCE. *Held, arguendo,* that a new trial on the ground of newly discovered evidence is not warranted, when such evidence ought not to change the result upon a retrial.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*David Murphy* for appellant.

*Edmond A. B. Garesche* for respondents.

ROMBAUER, P. J.—The plaintiffs recovered a judgment against the defendant for one-half of the commissions which the latter received from the owners for selling certain lands in the city of St. Louis. The defendant now assigns for error that this judgment is not supported by substantial evidence, and is opposed to the plaintiffs' admission upon the trial; also that the court erred in modifying an instruction asked by the defendant.

The plaintiffs' petition charges that the defendant agreed to and with plaintiffs that, if they could secure for him as the agent of the owners a purchaser for the land in question at $43,000, he would pay to them for their services in so doing one-half of the commissions received by him from the owners. The defendant's answer is a general denial. The plaintiffs gave evidence tending to show that they bought the land themselves for $43,000, although they claimed by their evidence that the purchase was in the interest of a syndicate. Whether they bought it themselves or in the interest of a syndicate is wholly immaterial, since the defendant's liability, if it existed at all, depended on the fact that the plaintiffs secured a purchaser for the lands at the sum mentioned, and that the defendant

thereby earned his commissions. Touching the averments that the land was sold for $43,000 by the plaintiffs' exertions, and that the defendant thereupon collected from the owners his full commissions, and that he never paid any part of such commissions to the plaintiffs, there is no controversy whatever. All the evidence concedes the truth of these averments.

The defendant was called as witness on his own behalf. He neither admitted nor denied that he had made a contract with the plaintiffs to pay them one-half of his commissions. He did, however, state that, while on his way to Belleville with one of the plaintiffs to see the owners (which was at a time subsequent to the agreement about commissions testified to by the plaintiffs), he, the defendant, inquired whether he could have an interest in the purchase, and that the plaintiff told him he would like to have him (the defendant) come in, and that thereafter it was arranged that the defendant should have a half interest in the venture. The defendant, however, admitted that he never made any demand for a conveyance of such half interest to himself, and that he never tendered any money to the plaintiffs at any time, and that in fact he did not know what payments were made by the plaintiffs to the owners, nor when such payments were made.

The defendant's first assignment of error is claimed to find support in the following testimony of one of the plaintiffs, when called in rebuttal.

"Going to Belleville he (the defendant) said he would like to go in first rate, but he had so much on his hands, so much vacant ground and other property to attend to, he did not see how it was possible to go in.

"*Q.* Did he ever tender you at any time any money on this? *A.* No, sir.

"*Q.* Did he at any time ever demand of you a conveyance of any interest in this property? *A.* Well, I don't know as he ever demanded any conveyance, but, when I asked him about the commissions, he said, 'Ain't I going to get an interest in that?' I said 'no.' He said 'why;' and I said, 'because you did not put up; you didn't go in, you said you didn't want to go in, and I took other partners in.'"

It needs no argument to show that this evidence contains no admission, to the effect that the defendant had not at some prior time agreed to divide commissions with the plaintiffs, or that the plaintiffs ever agreed with him to give him an interest in the purchase, or that his interest in the purchase superseded the agreement as to commissions. Hence the error is not well assigned.

The second assignment of error is based upon the following modification by the court of one of defendant's instructions, the modification consisting in adding to the instruction the words placed in italics:

"The court instructs the jury that, if they believe and find from the evidence in this case that plaintiff and defendant agreed that plaintiff should buy the Waugh property, and then convey or transfer one-half, or other interest therein, to defendant, and that all expenses should be borne equally, and all profits and commissions equally divided, *and that this was all one agreement*, and that there was no agreement between plaintiffs and defendant having reference solely to a division of commissions for the sale of the Waugh property, then their verdict should be for defendant."

We are very clear that there was no error in refusing the instruction as asked by the defendant, but we are not quite so clear that there was no error in giving it as modified. That error, however, was in favor of the defendant, in this, that the instruction

assumes, as a matter of law, that the two promises mentioned therein, if *concurrent*, were necessarily *dependent*, and that the plaintiffs could not enforce the defendant's promise without first complying with their own. Such is not the law in this class of cases. *Burris v. Shrewsbury Park Land and Improvement Co., ante,* page 381, and cases there cited. Moreover, there was no substantial evidence in the case that the two promises were concurrent; hence the court, in submitting to the jury "that this was all one agreement," went further in defendant's favor than the evidence warranted. It is self-evident that the fact that plaintiff and defendant made one agreement at one time, is in no way disproved by evidence that they made another agreement relating to a different subject at some other time.

No error is formally assigned touching the action of the trial court in not granting a new trial on the ground of newly discovered evidence. We deem it sufficient to say on that subject that the affidavits show that such evidence relates exclusively to an admission to be implied from the silence of one of the plaintiffs upon an occasion when he was under no obligation to speak. Such evidence is of the weakest character, and, hence, not such as ought to change the result upon a retrial. It would have been no ground for awarding it, even if the error had been formally assigned.

All the judges concurring, the judgment is affirmed.